7325

## HILL v. GARRETT.

IF SERVICE OF SUMMONS ON ATTORNEY was invalid, service by such attorney on opposing counsel of affidavit and notice of change of venue and filing same with magistrate, if they do not show an appearance, at least, afford some evidence that defendant recognized the validity of the service.

Before DeVore, J., Colleton, March, 1909.    Affirmed.

Action by Holton Hill against Ben Garrett, in court of Magistrate R. G. W. Bryan.    From Circuit order, affirming magistrate's judgment, defendant appeals.

*Mr. C. C. Tracy,* for appellant, cites: *Magistrate acquired no jurisdiction of the person of defendant:* Code of Proc., sec. 88, sub. sec. 19; 43 S. C., 173; 29 S. C., 31; 68 S. C., 583; 62 S. C., 293.   *No proof of damages:* 57 S. C., 189. *No proof of height of fence:* Code 1902, 1503, 1505, 1497; Art. II of chap. 33; 78 S. C., 56; 56 S. C., 181; 62 S. C., 516.

*Mr. J. F. Brown,* contra, cites: *Appearance of attorney for defendant gives Court jurisdiction of his person:* 1 Ency., 952-4; 19 S. C., 548; Weeks on Attys., sec. 344; Code of Proc., 52; 5 S. E., 363.

October 19, 1909.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   Plaintiff commenced this suit in a magistrate's court, in Colleton county, to recover forty-five dollars, as damages alleged to have been caused by defendant's cows entering plaintiff's enclosed field and destroying his cotton and peas.   The day set for trial was January 7, 1909, and on that day the defendant not having answered, and not being present, plaintiff proceeded to prove

his case, and judgment was rendered against defendant for the amount claimed and costs.

On the day following the defendant, by his attorney, C. C. Tracy, Esq., made a motion for a new trial: (1) Because no proof was before the Court that the summons had been personally served on the defendant; (2) because there was no proof that the fence, enclosing cows of plaintiff, was five feet in height; (3) because the affidavit for a change of venue should have been considered. The motion was refused, and on appeal to the Circuit Court the judgment of the magistrate was affirmed and the appeal dismissed.

Appellant's exceptions allege error: (1) In that the magistrate was without jurisdiction; (2) in that the damages found were too remote; (3) in that there was no proof of the height of plaintiff's fence; (4) in not holding that the magistrate abused his discretion in not granting a continuance, as asked for by C. C. Tracy, Esq.; (5) in not reversing the finding and judgment of the magistrate.

We find no ground for reversing the judgment of the Circuit Court.

The summons in the case was served on C. C. Tracy, Esq., under these circumstances: A previous suit had been commenced before the magistrate on the same cause of action, with trial day on November 24, 1908. Defendant, through his attorney, C. C. Tracy, gave notice that the magistrate had no jurisdiction, because the defendant only had twenty days' notice, whereupon counsel for plaintiff moved to withdraw the case, which was allowed. Defendant's attorney then requested the magistrate that when papers were reissued not to serve them upon Garrett. the defendant, as he was sick, but to serve them on C. C. Tracy, who would accept service for Garrett. This was done, and C. C. Tracy, Esq., accepted service for defendant.

It further appears that, on the day before the trial, C. C. Tracy, Esq., as attorney for defendant, filed with the magistrate an affidavit and notice for a change of venue.

If the service of the summons on C. C. Tracy, as attorney, in the absence of authority from the defendant, would be invalid, it appears that on January 4, 1909, C. C. Tracy wrote a letter to John F. Brown, attorney for plaintiff, enclosing a copy of affidavit and notice to change the venue, and asking for a postponement of the hearing of the case from January 7th to the next day, and on the day before the trial the notice and affidavit were filed with the magistrate. If these circumstances do not show an appearance in the case by the defendant, they at least afford some evidence that he recognized the validity of the service of summons on his attorney.

It is not contended in this appeal that the magistrate should have changed the venue. It does not appear that the notice and affidavit were filed with the magistrate two days before the day of the trial, nor is the affidavit set out in the record.

If the defendant moved for a continuance before the magistrate, it does not appear that the magistrate abused his discretion in going on with the trial.

Speaking generally, as to the remaining exceptions, they cannot avail appellant, as they should have been raised in the trial Court.

The Circuit Court has found no ground for reversing the judgment of the magistrate, and this Court cannot see that he has committed any error of law or abuse of discretion.

The judgment of the Circuit Court is affirmed.